**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

*United States of America v. Tyrone Stevenson Jenkins*
Case No. 3:23-00025-TMB-MMS-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on the Government's oral motion to stay the Release Order entered by the Magistrate Judge on October 20, 2026.[1] Jenkins objected to the Government's stay request. On October 16, 2026, the Magistrate Judge held a Bail Hearing and issued an oral order granting Jenkins release as a bed-to-bed transfer to residential treatment pending space availability.[2] On October 19, 2026, the Government filed a Motion to Revoke the Order of Release ("Motion to Revoke").[3] On October 20, 2026, the Magistrate Judge Issued a Release Order that directs Jenkins to be released on Monday October 26, 2026, to a representative of Akeela Treatment Facility.[4] For the following reasons, the Court *sua sponte* **STAYS** the Magistrate Judge's pending Release Order and orders Jenkins detained pending the outcome of the Motion to Revoke.

### *A. Background*

On August 16, 2023, Jenkins pleaded guilty to Count 1: Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), 924(a)(2).[5] On November 21, 2023, the Court sentenced Jenkins to 21 months' imprisonment, followed by 3 years' supervised release.[6] Jenkins began his term of supervised release on April 16, 2025.[7] On June 15, 2026, United States Probation petitioned the Court for a warrant and alleged that Jenkins committed five violations of his supervised release, including testing positive for marijuana and methamphetamine, failing to report for a scheduled drug test, and resigning from employment.[8] The Court issued a warrant for Jenkins's arrest on June 30, 2026.[9] Almost one month later, Jenkins was arrested in the District

---

[1] Dkt. 63 (Order of Release).
[2] Dkt. 61 (Minute Entry for Bail Review Hearing).
[3] *See* Dkt. 60 (Government's Motion to Revoke Order of Release).
[4] Dkt. 61.
[5] Dkt. 22 (Minute Entry for Change of Plea Hearing); Dkt. 2 (Indictment).
[6] Dkt. 40 (Judgment) at 1–3.
[7] Dkt. 48/ (Petition for Warrant for Arrest for Person Under Supervision).
[8] *Id.* at 2–3.
[9] Dkt. 49 (Order on Petition for Arrest for Person Under Supervision).

of Arizona on July 29, 2026, and he was committed to the District of Alaska on August 6, 2026.[10] At the initial appearance regarding revocation of Jenkins's supervised release in the District of Alaska, Jenkins denied all five violations alleged in the petition and did not propose a release plan.[11] The Magistrate Judge subsequently ordered Jenkins to be detained.[12]

On October 7, 2026, Jenkins moved for a detention review hearing.[13] In the Motion, Jenkins argued for a "bed-to-bed transfer to residential treatment under appropriate conditions as determined by the Court."[14] Jenkins states that he has been accepted into a residential treatment facility, but that the facility can only determine admission dates after Jenkins has obtained all required approvals.[15] Jenkins therefore requested the Court's approval of the bed-to-bed transfer and release conditions and argued that the "proposed release plan appropriately addresses concerns raised by the alleged violations and will reasonably assure Mr. Jenkins' appearance and protection of the community."[16] The Government opposed Jenkins's request for release to a residential treatment center, arguing that Jenkins poses a serious risk of flight, that Jenkins presents a danger to the community, and that no conditions will eliminate his risk of flight nor the danger he poses to the community.[17] On October 20, 2026, the Magistrate Judge issued a Release Order granting Jenkins release on Monday, October 26, 2026 to a representative of Akeela Treatment Facility.[18]

### *B. Legal Standard*

Courts consider four factors when evaluating a request for a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[19] The first two factors of the standard are the "most critical."[20]

Under 18 U.S.C. § 3145(a)(1), the Government may move for the district court with original jurisdiction to revoke an order of release by a magistrate judge.[21] The district court shall determine

---

[10] *See* Dkt. 50 (District of Arizona Docket Sheet) at 2.
[11] Dkt. 52 (Minute Entry Initial Appearance re Revocation of Supervised Release).
[12] Dkt. 53 (Order of Detention).
[13] Dkt. 57 (Motion for Detention Review Hearing).
[14] *Id.* at 1.
[15] *Id.* at 1–2.
[16] *Id.*
[17] Dkt. 59 at 1–5
[18] Dkt. 63.
[19] *Nken v. Holder*, 556 U.S. 418, 434 (2009) (applying "traditional" standard for stay in reviewing decision on petition for review of removal order).
[20] *Id.* at 434.
[21] 18 U.S.C. § 3145(a)(1).

a motion for revocation of a release order promptly.[22] This Court reviews a magistrate judge's pretrial release order under 18 U.S.C. § 3145(c) de novo.[23]

The Bail Reform Act requires that a defendant shall be released pending trial unless a judicial officer determines that the defendant's release "will not reasonably assure the appearance of the defendant as required or will endanger the safety of any other person or the community."[24] If the judicial officer determines that no condition or combination of conditions can "reasonably assure" the defendant's appearance or the safety of the community, the defendant shall be detained before trial.[25]

### *C. Discussion*

The Court considers each of the four factors outlined above in turn. The Government argues in the Motion to Revoke that Jenkins poses a risk of flight and a risk to the community if he is released.[26] In order for the Court to detain a defendant pending trial on the basis of risk of nonappearance, the Government bears the burden of showing by the preponderance of the evidence that the defendant poses a flight risk.[27] The Government must show by clear and convincing evidence that a defendant is a danger to the community to warrant a defendant's detention.[28]

1. The Government has made a strong showing that it is likely to succeed on the merits.

The Government argues that Jenkins poses a flight risk because while under supervision, he failed to appear for two scheduled drug tests, ceased contact with his Probation Officer, and absconded to Arizona where he was only located after USPO sought a warrant to revoke his supervised release.[29] The Government argues that Jenkins "latest flight" to Arizona follows a "pattern of violating supervision conditions" and that in 2022, Jenkins was granted release to pretrial supervision, but was arrested shortly after for failing to be in the third party's custody.[30] The Government further contends that Jenkins is a danger to the community because he has a lengthy

[22] 18 U.S.C. § 3145(a).
[23] *United States v. Koenig*, 912 F.2d 1190, 1191–93 (1990) (holding that district courts must engage in de novo review of magistrate orders granting or denying defendants' pretrial release).
[24] 18 U.S.C. § 3142(b).
[25] 18 U.S.C. § 3142(e)(1).
[26] *See* Dkt. 60 at 6–8.
[27] *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019) (quoting *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015)).
[28] 18 U.S.C. § 3142(f)(2)(B); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).
[29] Dkt. 60 at 6; *see also* Dkt. 48 (listing Jenkins's violations of supervised release as of June 25, 2026).
[30] *Id.*

criminal history and a history of fleeing from law enforcement.[31] Jenkins argues that the "proposed release plan appropriately addresses concerns raised by the alleged violations and will reasonably assure [] Jenkins' appearance and protection of the community."[32] However, the Government argues that based on Jenkins's history, a treatment program may not mitigate his risk of flight.[33] This factor weighs in favor of granting a stay because the Government has demonstrated that it is likely to succeed on the merits of the Motion to Revoke.

2. A brief delay to consider the Motion to Revoke weighs in favor of a stay.

Second, if a stay is granted, Jenkins will continue to be detained pending resolution of the Government's Motion to Revoke and would be briefly delayed in his placement into the treatment facility. The Government argues that Jenkins could have sought treatment while under his current term of supervision but chose instead to stop communicating with USPO and abscond to Arizona.[34] "The first two factors of the traditional standard are the most critical. It is not enough that the chance of success on the merits be 'better than negligible.'"[35] With this in mind, the Court observes that Jenkins was at large for almost one month after testing positive for THC and methamphetamine and failing to report for two scheduled drug tests.[36] Moreover, USPO reported that Jenkins had "ceased nearly all contact with U.S. Probation" despite multiple attempts by USPO to contact him.[37] The Court finds that, on balance, this critical factor weighs in favor of implementing a stay, and that any harm to Jenkins from briefly delaying potential treatment placement does not outweigh the other factors in favor of a stay.

As to the remaining factors—(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding and (4) where the public interest lies—the Government argues that Jenkins's history of violating the conditions of his release shows that there is presently a high risk that Jenkins will refuse to comply with conditions of release, and that no combination of conditions will assure his appearance and safety of the community.[38] Additionally, in USPO's petition for warrant, it assessed Jenkins as being a risk of nonappearance, based on his criminal history, substance abuse history, and failure to report to USPO, and as and a risk of danger, based on his criminal association, pattern of similar criminal history and criminal history while under supervision, substance abuse history, and failure to comply with probation.[39] Based on the current

---

[31] *Id.* at 7.
[32] Dkt. 57 at 2.
[33] Dkt. 60 at 7.
[34] Dkt. 60 at 7.
[35] *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Sofine v. INS*, 188 F.3d 703, 707 (7th Cir. 1999).
[36] Dkt. 48 at 1–3.
[37] Dkt. 48 at 3.
[38] Dkt. 60 at 8.
[39] Dkt. 48 at 3.

evidence, the balance of potential harm and the public interest weighs in favor of granting a brief stay pending the outcome of the Government's Motion to Revoke.

### ***D. Conclusion***

For the foregoing reasons, the Magistrate Judge's Release Order at Docket 63 is **STAYED** and Jenkins is ORDERED to remain detained pending the outcome of the Government's Motion to Revoke. Jenkins's Response to the Government's Motion to Revoke is due **on or before 12:00 p.m. (noon), October 21, 2026. A Motion Hearing is set for October 22, 2026, at 2:00 PM in Anchorage Courtroom 1 before Judge Timothy M. Burgess.**

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: October 20, 2026.